# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20482

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2019

Lyle W. Cayce
Clerk

ROBERT HENDERSON,

      Plaintiff-Appellant,

v.

BLACK ELK ENERGY OFFSHORE OPERATIONS, L.L.C.,

      Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1024

Before CLEMENT, DUNCAN, and OLDHAM, Circuit Judges.

PER CURIAM:*

     Defendant Black Elk Energy Offshore Operations hired an independent contractor, Bagwell Energy Services, to work on its offshore platform. Plaintiff Robert Henderson, a Bagwell employee, sued Black Elk for injuries he sustained while moving materials on the platform. The district court granted summary judgment to Black Elk because it did not have "operational control" over Bagwell's work. Henderson appeals.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20482

As an initial matter, Black Elk argues this Court lacks appellate jurisdiction because Henderson appealed from the district court's denial of his Rule 59(e) motion rather than the final judgment itself.  Our precedent forecloses that argument.  *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (holding a "notice of appeal from the denial of a timely Fed.R.Civ.P. 59(e) motion brings up the underlying judgment for review").

On the merits, we agree with the district court, essentially for the reasons given in its memorandum opinion and order.  The contract expressly provided that Black Elk would not have operational control, and Henderson admitted that Black Elk did not tell him how to do his job.  Henderson's strongest argument to the contrary is that Black Elk and Bagwell jointly informed Henderson he should move the materials manually.  But it does not matter who *communicated* the decision to Henderson; what matters is who *decided* how the materials should be moved.  Moreover, even if Black Elk decided the materials should be moved manually, there is no evidence Black Elk controlled how Henderson moved the materials manually.

Thus, Henderson presented no evidence Black Elk exercised "direct supervision over the step-by-step process of accomplishing the work such that [Bagwell was] not entirely free to do the work in [its] own way." *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 564 (5th Cir. 2003); *see also Ukudi v. McMoran Oil & Gas, L.L.C.*, 587 F. App'x 119, 123 (5th Cir. 2014) (per curiam).  This is a far cry from cases in which the defendant exercised control by, for example, "reject[ing a contractor's] proposal for budgetary reasons." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 613 (5th Cir. 2018).

Henderson also argues the district court erred in excluding an expert report from Robert E. Borison.  The district court correctly prevented Henderson from using the report's "factual recitation" to avoid summary judgment.  Borison lacked personal knowledge of the facts contained in his

No. 18-20482

report.  That an expert may be "permitted to disclose hearsay for the limited purpose of explaining the basis for his expert opinion" does not mean his report can be offered as "general proof of the truth of the underlying matter." *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1356 (5th Cir. 1983); *see also Williams v. Illinois*, 567 U.S. 50, 69 (2012) (plurality opinion); FED. R. EVID. 703 advisory committee's notes to 2000 amendment.

The judgment is AFFIRMED.